# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 3-95-71(1) (RHK) |
| | Civ. No. 98-1255 (RHK) |
| Plaintiff, | **ORDER** |
| v. | |
| Kenneth Wendell Jones, | |
| Defendant. | |

This matter is before the Court on the Motion of Defendant Kenneth Wendell Jones to reopen this Court's November 30, 1998, Judgment denying Jones' motion under 28 U.S.C. § 2255 to vacate his conviction. The present Motion is nominally brought pursuant to Federal Rule of Civil Procedure 60(d)(3). The Government contends it is in reality a second § 2255 Motion that Jones has filed without first obtaining authorization from the Eighth Circuit Court of Appeals. The Court agrees and will therefore dismiss the Motion for lack of jurisdiction.

## FACTUAL BACKGROUND

Defendant Kenneth Wendell Jones was convicted after a jury trial in November 1995 of murder in connection with a continuing criminal enterprise (CCE), engaging in a continuing criminal enterprise, and conspiracy to distribute cocaine. His conviction and sentence were affirmed on direct appeal. United States v. Jones, 101 F.3d 1263 (8th Cir. 1996).

In 1998, Jones filed a § 2255 motion challenging his conviction on the grounds that the confession of his co-defendant Jeffrey Barnes allegedly was not properly redacted at their joint trial to eliminate any reference to Jones; that the evidence in support of his CCE murder conviction was insufficient; and that newly discovered evidence (unspecified in the petition) warranted a new trial.

In an Order dated November 30, 1998, this Court denied Jones' § 2255 motion in all respects. On September 22, 1999, the Eighth Circuit affirmed this Court's denial of a certificate of appealability.

Now, more than 18 years after this Court's denial of Jones' § 2255 motion, Jones seeks to re-open that judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), based primarily on evidence he claims was discovered in 2009. Specifically, he relies mainly on a 2009 interview of Government witness Russell Barnes in which Barnes partially recants his trial testimony.

## DISCUSSION

A defendant may not file a second or successive motion under 28 U.S.C. § 2255 unless he obtains authorization from the appropriate circuit court of appeals. In order to obtain authorization, the defendant must make a prima facie showing that his proposed motion satisfies one of the gatekeeping requirements set forth in § 2255(h). That statute provides:

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Although Jones styles his pleading as a Rule 60(d)(3) Motion rather than a second § 2255 Motion, his label is not controlling. Rather, it is the nature of the relief requested, not the caption of the pleading, that determines whether it is to be treated as a second or successive § 2255 Motion. Gutierrez v. United States, Crim. No. 01-331, 2013 WL 3380313 at *2 (D. Minn. July 8, 2013) (Montgomery, J.) (citing cases). If the motion is an attack on the validity of the underlying conviction, or an attempt to relitigate issues that were or could have been raised in earlier proceedings, it will be deemed to be a § 2255 motion regardless of its caption. Id.

Here, the Court finds that Jones is continuing to attack his underlying CCE murder conviction on the ground that he allegedly was not involved in Duon Walker's murder, as well as the subsidiary ground that the murder was not drug related. Doc. No. 238 at 6, 10, 12-18. He is offering newly discovered evidence to try to make his case, which implicates the first prong of the test for a second § 2255 motion set forth above. Moreover, he is attempting "to re-litigate issues he raised or could have raised on direct appeal and in his initial § 2255 motion," Gutierrez, 2013 WL 3380313 at *2, which is another hallmark of a second § 2255 motion. Specifically, in his initial § 2255 motion, Jones likewise relied on newly discovered (albeit unspecified) evidence that he was not guilty of Walker's murder. He does not explain in his present Motion, why, if Russell Barnes' trial testimony was inaccurate, he could not have obtained the recantation from

Russell Barnes in time for inclusion in his initial § 2255 motion. Thus, the nature of the relief Jones seeks, and his attempt to re-litigate issues that were or could have been raised in an initial § 2255 motion, both are reasons the present Motion must be deemed a second § 2255 Motion. Id. (citing cases).

Jones responds that he is only challenging this Court's judgment denying his § 2255 motion, not the conviction itself. The Court finds this argument to be a distinction without a difference. The purpose of Jones' § 2255 motion was to challenge his conviction. By attacking this Court's denial of that § 2255 motion, Jones is essentially attacking the validity of his conviction itself. If a defendant could serially challenge his conviction in the guise of challenging the judgment denying a prior § 2255 motion, the rule against a defendant filing second or successive § 2255 motions without prior authorization from the Court of Appeals would become a nullity.[1]

Based on the foregoing, **IT IS ORDERED** that Jones' Motion to Reopen Judgment (Doc. No. 238) is deemed to be a second § 2255 Motion and is **DISMISSED** pursuant to 28 U.S.C. § 2255(h) for lack of preauthorization from the Eighth Circuit Court of Appeals.

Dated: May 17, 2017

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge

---

[1] Even if Jones' Motion were properly before the Court, the Court would deny it on the merits for the reasons set forth in the Government's opposition. The Court finds Russell Barnes' partial recantation to be both untimely and unreliable. Even assuming the truth of the recantation, Jones is no better off from it because his trial jury never heard the information that Russell Barnes has now purportedly recanted due to the Bruton redaction of his statement employed at trial.