UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Crim. No. 3-95-71(1) (PAM)

           Plaintiff,

v.                                                                                                      **ORDER**

Kenneth Wendell Jones,

           Defendant.

---

This matter is before the Court on the Defendant's Motion to reduce his sentence under the First Step Act. The Government opposes the Motion. For the following reasons, the Motion is denied.

**BACKGROUND**

On November 20, 1995, a jury convicted Jones of murder in furtherance of a continuing criminal enterprise, engaging in a continuing criminal enterprise, and conspiracy to distribute cocaine. (Docket No. 133.) Jones was a drug-trafficking kingpin who instructed his codefendant to murder one of his suppliers. On March 8, 1996, Judge Richard H. Kyle sentenced him to concurrent terms of life imprisonment. (Docket No. 146.)

Jones moves to reduce his sentence under the First Step Act. Although Jones filed his administrative request for relief at FCI Pekin in February 2021, and has since transferred to FCI Butner Medium II, the Government waives any argument regarding whether Jones has sufficiently exhausted available administrative remedies at his facility. See 18 U.S.C. § 3582(c)(1)(A). Jones's Motion is therefore ripe for consideration.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Jones contends that he suffers from arthritis, an enlarged prostate, obesity, and severe back pain. In his administrative application, Jones argued that these conditions put him at risk of serious complications from COVID-19. However, in his Motion, Jones abandons that argument, instead contending that the COVID-19 pandemic caused delays in medical care for his enlarged prostate. (Docket No. 278 at 6.)

As an initial matter, according to the BOP, there are currently four active cases of COVID-19 among the inmates at FCC Butner Medium II, and three active cases among staff. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Aug. 11, 2021). Jones acknowledges that he is fully vaccinated against COVID-19, having received his second dose of the vaccine in March. His vaccination status is highly relevant to whether his underlying health conditions constitute "extraordinary and compelling reasons" to release him from prison. Moreover, Jones acknowledges that he contracted COVID-19 before he was vaccinated. (Docket No. 278 at 6.) Jones has not demonstrated that the risk his health conditions create is extraordinary and compelling.

The First Step Act provides for an inmate's release when he has health conditions that "substantially diminish" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). While the Court is sympathetic to Jones's back pain, ambulation issues, and other infirmities, he does not provide any evidence to support his claim that he is not receiving adequate or timely medical care. Rather, Jones's April 2021 medical records indicate that the reason for his transfer to FCI Butner Medium II was to receive his requested medical care. (Docket No. 303 at 3.) Jones fails to establish that he is unable to care for himself in prison.

Moreover, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether compassionate release is warranted. Jones is serving a life sentence for running a drug-trafficking organization and ordering the brutal murder one of his suppliers. Releasing Jones would create unwarranted sentencing disparities with other individuals who commit similarly serious crimes and would not serve the purposes of sentencing. Jones has never accepted responsibility or expressed remorse for his crimes. Even in this Motion, he asserts that "[t]he evidence in the murder case was completely circumstantial." (Docket No. 278 at 8.) Jones has failed to establish that "extraordinary and compelling reasons" mandate the Court's reconsideration of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Jones's Motion is without merit, and he is not entitled to relief.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Compassionate Release (Docket No. 278) and Motion to Supplement Compassionate Release Motion (Docket No. 280) are **DENIED**; and

2. Defendant's Motion to Appoint Counsel (Docket Nos. 279) is **DENIED**.

Dated: <u>Friday, August 13, 2021</u>     *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge