UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 3-95-71(1) (PAM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kenneth Wendell Jones, | |
| Defendant. | |

This matter is before the Court on Defendant Kenneth Wendell Jones's second Motion to reduce his sentence under the First Step Act.  The Government opposes the Motion.  For the following reasons, the Motion is denied.

The full factual background is set forth in the previous Order, and the Court need not revisit it here.  (Docket No. 313.)  Jones filed a second Motion for Compassionate Release, arguing that he should be released because he is 66 years old, has served 26 years of his lifetime sentence, and he suffers from various medical conditions, including severe prostate and urinary issues, elimination problems, sarcoidosis, back pain, ambulation issues, and atrophying muscles.  (Docket No. 323 at 1-2.)  The Government responded to the Motion, and Jones filed a reply.  (Docket Nos. 327, 329.)  The Court ordered the Government to file supplemental brief, which it did.  (Docket Nos. 334, 335.)

The Court denied Jones's initial request for compassionate release, finding that his medical conditions did not to rise to "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i).  The Court's power to modify a previously imposed sentence is not unlimited.  Rather, the Court may only modify a sentence for "extraordinary and

compelling reasons." Id. Those reasons do not include that serving time in a penitentiary during a pandemic is particularly difficult. Rather, the Court generally considers only whether a defendant has "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). As the Court previously determined, Jones has not established that his physical ailments amount to "extraordinary and compelling reasons" for early release.

Jones raises some of the same medical conditions in his second Motion for compassionate release, though he submitted additional medical records to support his arguments. Even so, Jones's submissions do not alter the Court's previous conclusion that he is not an appropriate candidate for compassionate release, because recent medical records that the Government submitted reflect that Jones's conditions are sufficiently managed. For example, during medical appointments in August and October 2022, Jones denied having problems urinating. (Docket No. 336. at 11, 28.) Also at the August appointment, Jones denied suffering from any testicular pain or having difficulty in self-catheterizing, and he did not raise those issues at his subsequent October appointment. (Id. at 28.) Likewise, at a November 2022 appointment, Jones refused to allow the doctor to examine his genitals. (Id. at 4.) Moreover, Jones did not mention incontinence or soiling himself during these visits, or submit evidence demonstrating that has sought or is seeking treatment for those issues. Jones's refusal to raise such issues with a medical provider or allow an examination of his alleged conditions utterly undercuts the concerns he raises about his urinary system. Additionally, in September 2022, Jones had a consultation with

2

an orthopedic surgeon, who ordered electromyography and other tests to further evaluate Jones's ambulatory issues and back pain, which demonstrates that Jones is receiving appropriate medical care while incarcerated. (Id. at 78-79.) Jones does not demonstrate that he has sought medical attention for frequent falls or raised that issue with a medical provider. Further, Jones's medical records indicate that his sarcoidosis is stable. (Id. at 83.) In sum, Jones fails to establish that he suffers from any medical condition that merits his release from prison. See U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).

Finally, the Court's previous conclusion that the § 3553(a) factors mitigate against Jones's release still holds. Jones's newfound remorse, however sincere, does not merit his release from prison. The seriousness of Jones's offense of incarceration counsels against his release.

Accordingly, **IT IS HEREBY ORDERED that** Defendant Kenneth Wendell Jones's second Motion for Compassionate Release (Docket No. 323) is **DENIED**.

Dated: Tuesday, November 29, 2022       *s/ Paul A. Magnuson*
                                                             Paul A. Magnuson
                                                             United States District Court Judge