UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                         Crim. No. 3-95-71(1) (PAM)

Plaintiff,

v.                                                              **MEMORANDUM AND ORDER**

Kenneth Wendell Jones,

Defendant.

---

This matter is before the Court on Defendant Kenneth Wendell Jones's third Motion to reduce his sentence under the First Step Act.  The Government opposes the Motion.  For the following reasons, the Motion is denied.

**BACKGROUND**

In 1996, Judge Richard H. Kyle sentenced Jones for continuing a criminal enterprise and murder in furtherance of a criminal enterprise, for which he received concurrent life sentences.  (Docket Nos. 144, 172.)  The full factual background is set forth in the previous Order, and the Court need not revisit it here.  (Docket No. 313.)  The Court denied Jones's first two requests for compassionate release, finding that his medical conditions did not to rise to "extraordinary and compelling reasons" for his release.    18 U.S.C. § 3582(c)(1)(A)(i).  Jones filed a third Motion for Compassionate Release, arguing that he should be released due to his age, medical conditions, unusually long sentence, and because his co-defendant received clemency.  The Government responded to the Motion, and Jones filed a reply.  (Docket Nos. 391, 397.)  Jones sought release from the warden of his facility, and thus the matter is ripe for the Court's review.  See 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). The Court's power to modify a previously imposed sentence is limited. The Court may only modify a sentence for "extraordinary and compelling reasons." Id. The Court generally considers only whether a defendant has "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." Id.

**A.    Physical Conditions and Age**

As the Court previously determined, Jones has not established that his physical ailments amount to "extraordinary and compelling reasons" for early release. Jones claims that he is suffering serious deterioration in his health due to his age, primarily chronic back pain and leg weakness, inhibiting his ability to walk "independently without a device." (Docket No. 376 at 1.) In 2022, the Court denied Jones's motion for compassionate release based on his medical issues, and he does not demonstrate that his health has markedly changed since that time. The Court acknowledges that Jones experienced a delay in undergoing a spinal procedure, but that it was ultimately completed. (Docket No. 392 at 31, 70, 73–74.) Jones's doctors at Duke Spine recommended repeating an MRI and

considering a possible spinal fusion "if [Jones] develops loss of coordination as well as increased neck pain." (Id. at 32.)

Although the Court is sympathetic to the challenges of aging while incarcerated, Jones has not shown that his medical conditions "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A). To the contrary, his medical records from October 2025 state that Jones "is able to perform all [activities of daily living]." (Docket No. 392 at 2.) Therefore, the Court determines that his medical conditions are not sufficient to warrant a reduction in his sentence at this time.

Jones further contends that he merits compassionate release because he is 70 years old and has served 30 years of his life sentence. However, age and the amount of time served alone do not automatically warrant compassionate release. See § 1B1.13(b)(2) (requiring that the defendant must also be "experiencing a serious deterioration in physical or mental health because of the aging process").

**B.    Sentencing Disparities**

Jones contends that a sentencing disparity arose under U.S.S.G. § 1B1.13(b)(5) when his co-defendant Jeffrey Lane Barnes received executive clemency from President Biden in 2024. Jones claims that "[t]here is no legitimate distinction" between himself and Barnes. (Docket No. 376 at 1.) He is incorrect. Had Jones had not recruited, directed, and paid Barnes to carry out his plot to murder Duon Walker, Walker would not have been killed. Thus, there exists a clear distinction between Jones and Barnes' respective roles in the crime.

Jones further asserts that his life sentence is longer than the sentences that others have received for murder.  This point is without merit.  Courts conduct individualized assessments to determine the appropriate sentence in the first instance and, when asked, conduct individualized inquiries to determine whether compassionate release is warranted. Jones's sentence, which includes a concurrent sentence for his role in a large criminal enterprise, fits his crimes.

**C.      Rehabilitation and Prison Conditions**

Although the Court lauds Jones's rehabilitative efforts, they do not warrant his early release.  See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.).

Finally, Jones argues that prison conditions merit his early release. Conditions-of-confinement claims are not properly before the Court in a compassionate-release motion, and thus they fail.

**CONCLUSION**

The Court's previous conclusion that the § 3553(a) factors mitigate against Jones's release still holds.  The Court persists in its view that the seriousness of Jones's offense of incarceration counsels against his release.  See U.S.S.G. § 1B1.13(a)(2).

Accordingly, **IT IS HEREBY ORDERED that** Defendant Kenneth Wendell Jones's third Motion for Compassionate Release (Docket No. 376) is **DENIED**.

Dated: <u>April 14, 2026</u>                           <u>s/ Paul A. Magnuson</u>
                                                     Paul A. Magnuson
                                                     United States District Court Judge